**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ENERGY FUTURE HOLDINGS CORP., *et al.*, | Case No. 14-10979 (CSS) |
| *Debtors.* | (Jointly Administered) |
| COMPUTERSHARE TRUST COMPANY, N.A. and COMPUTERSHARE TRUST COMPANY OF CANADA, as INDENTURE TRUSTEE, | |
| *Plaintiffs,* | |
| v. | Adversary Proceeding No. 14-_____ |
| ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC and EFIH FINANCE INC., | |
| *Defendants.* | |

**COMPLAINT FOR DECLARATORY RELIEF**

Computershare Trust Company, N.A., and Computershare Trust Company of Canada, as

indenture trustee (together, the "Second Lien Indenture Trustee") for the 11% Senior Secured

Second Lien Notes due 2021 and 11.75% Senior Secured Second Lien Notes due 2022 (the

"2021 Second Lien Notes" and "2022 Second Lien Notes", respectively; together the "Second

Lien Notes") issued by Energy Future Intermediate Holding Company LLC ("EFIH LLC") and

EFIH Finance Inc. ("EFIH Finance," and together with EFIH LLC, "EFIH" or the "EFIH

Debtors") under the Indenture dated as of April 25, 2011, and the First Supplemental Indenture

dated as of February 6, 2012 (together with all supplements, amendments, and exhibits, the "Indenture", copies of which are attached hereto as Exhibit A and Exhibit B, respectively), by its undersigned counsel, hereby alleges for its Complaint for Declaratory Relief against Defendants EFIH LLC and EFIH Finance, upon information and belief as to all matters, as follows:[1]

## NATURE OF ACTION

1.      This is a declaratory judgment action by which the Second Lien Indenture Trustee seeks a declaration that EFIH is obligated to pay a premium (commonly referred to as a "makewhole") in connection with the proposed refinancing of the Second Lien Notes (currently expected to be consummated on or about July 9, 2014), and other amounts that are due in connection with the repayment of the Second Lien Notes.

2.      EFIH induced holders to purchase $406,392,000 of 11.00% Senior Secured Second Lien Notes due 2021, and $1.750 billion of 11.75% Senior Secured Second Lien Notes due 2022, by offering call protection, including a premium in the event of prepayment.  Such a premium protects a holder's right to the yield that was contracted for at the time the notes were issued and/or purchased.  The issuer, in turn, benefits from obtaining lower interest rates or fees than would otherwise be available absent such call protection.

3.      At the outset of these chapter 11 cases, EFIH seeks to accomplish in bankruptcy what it could not accomplish outside of bankruptcy – refinancing the Second Lien Notes at lower interest rates without paying the redemption premium.  Pre-bankruptcy, EFIH solicited, negotiated, and obtained commitments to refinance the Second Lien Notes.  If EFIH repaid the Second Lien Notes the day prior to the Petition Date, there would be no dispute that the agreed-upon premium would be due.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Indenture.

4.      EFIH seeks Court approval of debtor-in-possession financing to be used to repay all principal and accrued interest under the Second Lien Notes (the "Second Lien Repayment"). The Indenture requires the payment of a premium, which it defines as the Applicable Premium, if EFIH "redeems" the Notes "[a]t any time prior to" May 15, 2016 (for the 2021 Second Lien Notes) or March 1, 2017 (for the 2022 Second Lien Notes) (referred to herein as the "First Call Dates").  Indenture § 3.07(a).  (The terms prepayment and redemption are used interchangeably herein to refer to any payment of principal prior to the First Call Dates.)[2]  That is precisely what EFIH seeks to do here.

5.      EFIH asserts that the automatic acceleration of the Second Lien Notes upon the bankruptcy filing renders the Applicable Premium inapplicable. As an initial matter, the EFIH Debtors' obligations under the Second Lien Notes were not accelerated by the Debtors' act of filing a bankruptcy petition.  Furthermore, the Indenture provides no exception to the required payment of the Applicable Premium upon acceleration, and to the contrary specifically provides that payment upon acceleration must include principal, interest, and "premium, if any."

6.      Additional ripe and justiciable controversies exist as to the rate at which interest accrues on the Second Lien Notes, how the Applicable Premium is calculated under the terms of the Indenture, how interest accrues on due but unpaid amounts under the Indenture, and the Second Lien Indenture Trustee's right to a secured claim for fees and expenses incurred in this litigation (and throughout the bankruptcy case).  Specifically, in connection with the Second Lien Tender Offer described below, EFIH has publicly asserted its intention to contest the Second Lien Trustee's and Second Lien holders' rights on each of these issues, in contravention of the clear language of the Indenture and other applicable documents.

---

[2] By this adversary proceeding, the Second Lien Indenture Trustee is not contesting the rights of individual noteholders to voluntarily compromise their claims, including claims for the Applicable Premium in connection with a prepayment.

7.      By this adversary proceeding, the Second Lien Indenture Trustee seeks declarations that (i) payment of the Second Lien Notes prior to the First Call Dates gives rise to a secured claim for the Applicable Premium as provided under the Indenture; (ii) as a matter of law and policy, the EFIH Debtors' obligations under the Second Lien Notes were not accelerated by the Debtors' act of filing a bankruptcy petition; (iii) even if the Second Lien Notes were accelerated by the bankruptcy Event of Default, the Second Lien Notes would be entitled to a secured claim for the Applicable Premium upon payment prior to the First Call Dates; (iv) on the 2022 Second Lien Notes, interest has accrued and continues to accrue at a rate inclusive of Additional Interest; (v) on the 2022 Second Lien Notes, the Applicable Premium is properly calculated based on an interest rate that includes Additional Interest; (vi) pursuant to the Indenture, EFIH is obligated to pay the fees and expenses of the Second Lien Indenture Trustee and its agents and counsel as a secured claim; and (vii) the Second Lien holders are entitled, as part of their secured claim, to interest on all amounts not paid when they become due under the Indenture (including interest, Applicable Premium, and fees and expenses) accruing at the contract rate (including Additional Interest as to the 2022 Second Lien Notes).

## JURISDICTION AND VENUE

8.      Jurisdiction exists over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 because (i) it arises in the chapter 11 cases of EFIH LLC and EFIH Finance pending in the United States Bankruptcy Court for the District of Delaware, jointly administered under the case of *In re Energy Future Holdings Corp,*, Case No. 14-10979 (CSS), (ii) it relates to the EFIH LLC and EFIH Finance chapter 11 cases, or (iii) it arises under the Bankruptcy Code, because the Second Lien Indenture Trustee seeks declarations concerning the extent of its secured claims.

4

9. The statutory predicate for relief is 28 U.S.C. § 2201 and section 105(a) of the Bankruptcy Code.

10. The counts herein are core matters. However, the Second Lien Indenture Trustee does not consent to the entry of final orders by the Bankruptcy Court to the extent that (i) any party asserts counterclaims, cross claims, or third-party claims against the Second Lien Indenture Trustee, or (ii) any court of competent jurisdiction rules that claims in the nature of those asserted in these actions are non-core, or otherwise may not be adjudicated by a court other than an Article III court. To the extent that any matter considered in connection with this action is non-core or may not be adjudicated by a court other than an Article III court, the Second Lien Indenture Trustee does not consent to the Bankruptcy Court hearing and determining dispositive motions, and does not consent to the Bankruptcy Court making proposed findings of fact and conclusions of law.

11. Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. § 1409 because (a) the above-captioned chapter 11 case to which this case is related is pending in this District before this Court and (b) none of the exceptions set forth in 28 U.S.C. § 1409 apply to this action.

**PARTIES**

12. Plaintiff Computershare Trust Company, N.A. is a national banking association duly organized and existing under the laws of the United States of America with its principal place of business in Canton, Massachusetts. Plaintiff Computershare Trust Company of Canada is a trust company organized under the Trust and Loan Companies Act (Canada) with its principal place of business in Toronto, Ontario, Canada. Plaintiffs are the Second Lien Indenture

Trustee, as successor trustee to The Bank of New York Mellon Trust Company, N.A., under the Indenture.

13.     Defendant EFIH LLC is a Delaware limited liability company and is a debtor in these chapter 11 cases.  EFIH LLC is a holding company with no operations.  The primary asset of EFIH LLC is its 80% ownership interest in Oncor Electric Delivery Holdings Company LLC (together with its direct and indirect subsidiaries, "Oncor").  Oncor, a non-debtor, is a regulated electricity transmission and distribution company that operates in Texas.

14.     Defendant EFIH Finance is a Delaware corporation and is a debtor in these chapter 11 cases.  EFIH Finance is a direct, wholly-owned subsidiary of EFIH LLC.  EFIH Finance was formed for the sole purpose of serving as co-issuer with EFIH LLC of certain debt securities, including the Second Lien Notes.

## FACTUAL ALLEGATIONS

15.     On April 29, 2014 (the "Petition Date"), EFIH filed voluntary petitions for relief under Chapter 11, title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").  The chapter 11 cases of EFIH LLC and EFIH Finance (together, the "Chapter 11 Cases") remain pending in the United States Bankruptcy Court for the District of Delaware.

16.     On May 15, 2014, EFIH filed a motion for authority to enter into the second lien debtor-in-possession financing (the "EFIH Second Lien DIP Financing") for the express purpose of refinancing all of the Second Lien Notes at lower interest rates and without paying the required Applicable Premium in connection with the EFIH Second Lien DIP Financing.  EFIH also filed a motion for authority to enter into the first lien debtor-in-possession financing ("EFIH First Lien DIP Financing") on the first day of the Chapter 11 Cases with the intent to use some proceeds from this financing to refinance the Second Lien Notes as well.

17.     The EFIH Debtors seek to evade payment of the Applicable Premium by falsely asserting that: (1) the bankruptcy accelerated the Second Lien Notes, and (2) a bankruptcy acceleration of the Second Lien Notes renders the Applicable Premium unenforceable. These propositions are contrary to the terms of the Indenture and violate the most basic principles of bankruptcy law.

## I.     THE INDENTURE

18.     Pursuant to the Indenture, EFIH issued $406,392,000 principal amount of the 2021 Second Lien Notes and $1.750 billion principal amount of the 2022 Second Lien Notes for a total aggregate principal amount of $2,156,000,000.

19.     The Indenture requires semi-annual interest payments on each of the 2021 Second Lien Notes and the 2022 Second Lien Notes.  Interest is due on the 2021 Second Lien Notes on May 15 and November 15 of each year, and interest is due on the 2022 Second Lien Notes on March 1 and September 1 of each year.  *See* Indenture § 1.01 (definition of Interest Payment Date).  The EFIH Debtors did not make the required interest payment on the 2021 Second Lien Notes on May 15, 2014.

## II.     FACTS GIVING RISE TO SECOND LIEN RIGHTS

### A.     The Applicable Premium Would Be Triggered By the Debtors' Proposed Refinancing

20.     The refinancing for which the EFIH Debtors have sought authorization (currently contemplated by the Debtors on or about July 9, 2014) would constitute a "redemption" as described in section 3.07(a) of the Indenture.

21.     The stated maturity date of the 2021 Second Lien Notes is October 1, 2021, and the stated maturity date of the 2022 Second Lien Notes is March 1, 2022.  The Indenture provides that EFIH may not redeem the Second Lien Notes prior to the stated maturity date,

except under certain conditions provided in the Indenture, and unless EFIH pays a premium to

the holders.  Specifically, Section 3.07(c) of the Indenture provides:

> Except pursuant to clause (a) [the Applicable Premium] and (b)
> [the equity claw] of this Section 3.07, the 2021 Second Lien Notes
> will not be redeemable at the Issuer's option prior to May 15,
> 2016, and the 2022 Second Lien Notes will not be redeemable at
> the Issuer's option prior to March 1, 2017.

22.     Section 3.07(a) of the Indenture is the primary controlling provision with respect

to whether the Applicable Premium is owed under the circumstances.  Specifically, Section

3.07(a) unambiguously provides that EFIH may redeem the 2021 Second Lien Notes and the

2022 Second Lien Notes prior to the First Call Dates if and only if EFIH pays the Applicable

Premium:

> At any time prior to May 15, 2016 (in the case of the 2021 Second
> Lien Notes) or March 1, 2017 (in the case of the 2022 Second Lien
> Notes), the Issuer may redeem each series of Notes, in whole or in
> part, at a redemption price equal to 100% of the principal amount
> of the series of Notes to be redeemed <u>plus</u> the Applicable Premium
> as of, and accrued and unpaid interest (including Additional
> Interest, if any) to, the applicable date of redemption (the
> "<u>Redemption Date</u>"), subject to the right of Holders of such series
> of Notes of record on the relevant Record Date to receive interest
> due on the relevant Interest Payment Date.

23.     The Debtors filed for bankruptcy on April 29, 2014.  In the First Day Declaration

of Paul Keglevic (the "<u>Keglevic Declaration</u>") (Dkt. No. 98), the Debtors announced that they

planned to initiate a tender offer for a settlement on the Applicable Premium and to redeem the

Second Lien Notes by paying principal and interest due on the Second Lien Notes from the

proceeds of the EFIH First Lien DIP Financing and EFIH Second Lien DIP Financing.  *See*

Keglevic Declaration at ¶ 175.  The EFIH Debtors initiated the tender offer for the Second Lien

Notes (the "<u>Second Lien Tender Offer</u>" as set forth in an Offer Memorandum, a copy of which is

attached hereto as <u>Exhibit C</u>) on May 9, 2014.  *See* Notice of Initiation of Opt-In Period for

Proposed EFIH Second Lien Settlement [Dkt. No. 400]. The Second Lien Tender Offer is set to expire on July 3, 2014. *See* Form 8-K filed on May 27, 2014. The EFIH Debtors filed a motion to approve the Second Lien DIP (the "Second Lien DIP Motion") on May 15, 2014 (see Dkt. No. 477), which is currently set for hearing on June 30, 2014. The EFIH Debtors expect to consummate the Second Lien Tender Offer on July 9, 2014. *See* Form 8-K filed on June 9, 2014.

### B.    The Bankruptcy Filing Does Not Alter EFIH's Obligation to Perform Under the Indenture or Pay the Applicable Premium

24.    The Indenture governs events of default, acceleration of the Second Lien Notes, and the consequences thereof. Section 6.01 of the Indenture sets forth Events of Default. Specifically, Section 6.01(a)(6)(i) of the Indenture provides that an Event of Default occurs when the Issuer "commences proceedings to be adjudicated bankrupt or insolvent."

25.    Section 6.02 of the Indenture sets forth the consequences of an Event of Default, including the filing of a bankruptcy, and provides that:

> [I]n the case of an Event of Default arising under clause (6) or (7) of Section 6.01(a) hereof, all principal of and premium, if any, interest (including Additional Interest, if any) and any other monetary obligations on the outstanding [Second Lien] Notes shall be due and payable immediately without further action or notice.

26.    The EFIH Debtors allege that the Second Lien Notes have been accelerated by the bankruptcy filing. In their Second Lien DIP Motion, the EFIH Debtors seek authority to borrow under the Second Lien DIP Facility and use the proceeds of the Second Lien DIP Facility and First Lien DIP Facility to repay the Second Lien Notes "following the acceleration of those notes on the Petition Date." [Dkt. No. 477 at ¶ 5.] As a matter of law and policy, however, the EFIH Debtors' obligations under the Second Lien Notes were not accelerated by the Debtors' act of filing a bankruptcy petition.

27.     Moreover, a debtor is not obligated to pay a secured claim upon a bankruptcy filing, and the Second Lien Indenture Trustee and holders have taken no action to compel such payment or foreclose on collateral. The EFIH Debtors' decision to redeem the Second Lien Notes is therefore a voluntary redemption.  Indeed, the EFIH Debtors have made clear in various bankruptcy pleadings that they have chosen to repay the Second Lien Notes now to enable them to enjoy interest savings.

28.     Even if the bankruptcy accelerated EFIH's obligations, and EFIH elected to redeem the Second Lien Notes, the obligations thus accelerated under § 6.02 of the Indenture expressly include "all principal of **and premium, if any**, interest (including Additional Interest, if any), and any other monetary obligations on the outstanding Notes." (Emphasis added.)  The words "premium, if any" in Section 6.02 of the Indenture plainly include the potential Applicable Premium, and the parties' decision to include those words demonstrates their rational understanding that the borrower cannot use a bankruptcy filing to avoid its obligation to compensate Second Lien holders for the economic loss they would suffer upon early payment.

29.     The Indenture unambiguously mandates the payment of the Applicable Premium. If EFIH contends otherwise, such ambiguity must be construed against EFIH to require payment of the Applicable Premium.

30.     Upon information and belief, EFIH and/or its agents and persons under its control were responsible for drafting the Indenture, including Sections 1.01 (defining "Applicable Premium"), 3.07(a) (providing for payment of the Applicable Premium upon a redemption prior to May 15, 2016, for the 2021 Second Lien Notes or March 1, 2017, for the 2022 Second Lien Notes), 3.07(c) (prohibiting payment prior to May 15, 2016, for the 2021 Second Lien Notes and

March 1, 2017, for the 2022 Second Lien Notes except as otherwise provided), and 6.02 (regarding acceleration).

### C.    Calculating the Applicable Premium

31.    The formula for calculating the Applicable Premium is provided in Section 1.01 of the Indenture:

> "Applicable Premium" means, with respect to any Note on any Redemption Date, the greater of: (1) 1.0% of the principal amount of such Note; and (2) (A) with respect to the 2021 Second Lien Notes, the excess, if any, value at such Redemption Date of (i) the redemption price of such 2021 Second Lien Note at May 15, 2016 (such redemption price as set forth in the applicable table appearing under Section 3.07(d) hereof), plus (ii) all required interest payments due on such 2021 Second Lien Note through May 15, 2016 (excluding accrued and unpaid interest, if any, to the Redemption Date), computed using a discount rate equal to the Treasury Rate as of such Redemption Date plus 50 basis points; over (b) the principal amount of such 2021 Second Lien Note; or (B) with respect to the 2022 Second Lien Notes, the excess, if any, of (a) the present value at such Redemption Date of (i) the redemption price of such 2022 Second Lien Note at March 1, 2017 (such redemption price as set forth in the applicable table appearing under section 3.07(d) hereof), plus (ii) all required interest payments due on such 2022 Second Lien Note through March 1, 2017 (excluding accrued and unpaid interest, if any, to the Redemption Date), computed using a discount rate equal to the Treasury Rate as of such Redemption Date plus 50 basis points; over (b) the principal amount of such 2022 Second Lien Note.

32.    The Applicable Premium is calculated in part based on the redemption prices set forth in Section 3.07(d) of the Indenture,[3] and "all required interest payments" through a specified date.  As described in more detail below, the 2022 Second Lien Notes are accruing at 11.75% plus 0.50% of Additional Interest.

---

[3] The Applicable Premium for the 2021 Second Lien Notes should be calculated using the redemption price of the 2021 Second Lien Notes at May 15, 2016, which, pursuant to the Indenture dated as of April 25, 2011 (pursuant to which the 2021 Second Lien Notes were issued), is 105.5%.  The First Supplemental Indenture dated as of February 6, 2012 (pursuant to which the 2022 Second Lien Notes were issued) has a typo in the table under Section 3.07(d) for the 2021 Second Lien Notes.

### D.   The Second Lien Indenture Trustee Is Entitled to Prompt Reimbursement of All Fees and Expenses

33.     Section 7.07 of the Indenture expressly provides for payment of the Second Lien Indenture Trustee's fees: "The Issuer and the Guarantors, jointly and severally, shall pay to the Trustee from time to time such compensation for its acceptance of this Indenture and services hereunder as the parties shall agree in writing from time to time. . . .  Such expenses shall include the reasonable compensation, disbursements and expenses of the Trustee's agents and counsel." Guarantee of these payments is secured by a lien on the same collateral securing the Second Lien Notes.  *See* Section 7.07 of the Indenture and Section 2 of that certain Pledge Agreement (the "Pledge Agreement", attached hereto as Exhibit D), (stating that principal, reimbursement obligations, interest, fees, premium, penalties, indemnifications, contract causes of action, costs, expenses or otherwise are included as "Secured Obligations.").

34.     The Second Lien Indenture Trustee has retained professional advisors in connection with the Debtors' bankruptcy, including Bryan Cave LLP and, upon the direction of a majority of holders, Kramer Levin Naftalis & Frankel LLP, Pachulski Stang Ziehl & Jones LLP, and Rothschild, Inc.  The EFIH Debtors are obligated to pay the Second Lien Indenture Trustee's fees and expenses and the fees and expenses of its agents and counsel, and this obligation is a separate secured claim from the obligation to repay amounts due on the Second Lien Notes.

### E.   Interest Accruing on the 2022 Second Lien Notes Includes Additional Interest

35.     Section 4.01 of the Indenture specifies that "[t]he Issuer shall pay or cause to be paid the principal of and premium, if any, and interest (including Additional Interest, if any) on the Notes on the dates and in the manner provided in the Notes."  "Additional Interest" is defined by reference to the "applicable Registration Rights Agreement."  As accurately explained in the Keglevic Declaration, through this registration rights agreement, "EFIH agreed to use its

12

commercially reasonable efforts to register notes under the Securities and Exchange Act having substantially the same terms as the EFIH Second Lien 2022 Notes as part of an offer to exchange freely tradable notes for the EFIH Second Lien 2022 Notes by February 5, 2013." Keglevic Declaration at ¶ 91 n.44. If the notes were not registered by a date certain, thereafter the notes pay Additional Interest, first at a rate of 0.25% per annum for a period and thereafter at 0.50% per annum. "The exchange offer was not completed by February 5, 2013, resulting in a .25% increase in interest for 90 days and an additional .25% increase when the exchange offer was not completed by May 6, 2013." Keglevic Declaration at ¶ 91 n.44.

36.    Accordingly, the 2022 Second Lien Notes are entitled to the Additional Interest set forth in Section 4.01 of the Indenture. The 11.75% Notes (the 2022 Second Lien Notes) therefore currently accrue interest at a rate of 12.25% due to an additional 0.50% of "Additional Interest" resulting from the Debtors' failure to register the 2022 Second Lien Notes.

      **F.**      **The Second Lien Holders Are Entitled to Interest on Interest, Interest on the Applicable Premium, and Interest on All Other Accrued Obligations**

37.    Section 4.01 of the Indenture provides that EFIH "shall pay interest (including post-petition interest in any proceeding under any Bankruptcy Law) on overdue installments of interest (including Additional Interest, if any) at "the rate equal to the then applicable interest rate on the Notes." Accordingly, because EFIH is not be making current interest payments on the Second Lien Notes during the bankruptcy case, the Second Lien holders are entitled to interest-on-interest at the contract rate (including Additional Interest as to the 2022 Second Lien Notes).

38.    Paragraph (1) of each of the Second Lien Notes and Indenture further explicitly provides that EFIH will pay interest on "overdue principal and premium, if any." (Emphasis added). *See* Exhibit A at A-3 and Exhibit B at A-2-3. Accordingly, if EFIH carries through on its planned early redemption of the Second Lien Notes, the Second Lien holders will be entitled

to interest on the Applicable Premium, accruing from the date of such redemption at the contract rate (including Additional Interest as to the 2022 Second Lien Notes).

39.     Finally, Section 10.04 of the Indenture provides that the "interest on the overdue principal of and premium, if any, and interest (including Additional Interest, if any) . . . on the Notes <u>and performance of all other Obligations of EFIH to</u> the Holders of Notes or <u>the Trustee</u> . . . are secured as provided in the Pledge Agreement and the Collateral Trust Agreement." (Emphasis added).  Accordingly, the Second Lien Indenture Trustee is entitled to a secured claim for interest on its claims for any reimbursement of fees and expenses which EFIH fails "promptly upon request" to reimburse pursuant to Section 7.07 of the Indenture, accruing from the date of failure to make such reimbursement at the contract rate (including Additional Interest as to the 2022 Second Lien Notes).

## III.    FACTS GIVING RISE TO JUSTICIABLE CONTROVERSIES

40.     On May 9, 2014, EFIH commenced the Second Lien Tender Offer.  Holders who validly tender have been offered a settlement in consideration of all potential claims under the Second Lien Notes, including principal, accrued and unpaid interest, Additional Interest, and a percentage settlement of the Applicable Premium.  *See* <u>Exhibit C</u> at 2 of 75.  In the Offer Memorandum, the EFIH Debtors assert their intention to contest the rights of non-tendering Second Lien holders to receive Additional Interest or interest-on-interest: "Unless otherwise ordered by the Bankruptcy Court, accrued and unpaid interest will not include additional interest payable under the registration rights agreement with respect to the 11.750% Second Lien Notes or interest on overdue interest following a default in the payment of interest on an interest payment date." <u>Exhibit C</u> at 30 of 75.  As shown above, these positions are contrary to the plain terms of the Indenture.

41.     The EFIH Debtors have frequently and prominently asserted their position that upon redemption in bankruptcy, the Second Lien holders will not be entitled to the Applicable Premium.  For example, in the Offer Memorandum, the EFIH Debtors assert their intention to seek an order of the Bankruptcy Court providing that "upon completion of the EFIH Second Lien DIP Notes Financing . . . the Non-Settling EFIH Second Lien Note Holders will only receive a cash payment in an amount equal to 100% of the principal, plus accrued and unpaid interest on (excluding any additional interest payable under a registration rights agreement with respect to the 11.750% Second Lien Notes)." Exhibit C at 3 of 75.  As shown above, these positions are contrary to law and the plain terms of the Indenture.

42.     The EFIH Debtors have also sought to disavow their obligation to reimburse the Second Lien Indenture Trustee for fees and expenses incurred during the bankruptcy, including but not limited to those incurred in connection with the disputes addressed in this Complaint. For example, the Offer Memorandum recites: "We expect that the trustees under the respective Indentures will retain counsel to litigate the validly [sic] of the makewhole claims on behalf of the Non-Settling Second Lien Holders and, contrary to our position, seek to have fees of such counsel included in their secured claim under 506(b) of the Bankruptcy Code.  We intend to oppose such claims or arguments." Exhibit C at 37 of 75.  As shown above, this position is directly contrary to Section 7.07 of the Indenture.

## IV.     THE APPLICABLE PREMIUM IS A SECURED OBLIGATION OF EFIH

43.     Pursuant to that certain Collateral Trust Agreement (the "Collateral Trust Agreement" attached hereto as Exhibit E) and the Pledge Agreement (attached hereto as Exhibit D), both dated as of November 16, 2009 (as amended, restated, supplemented, or otherwise modified from time to time), EFIH granted to the Collateral Trustee (as defined in the Collateral

Trust Agreement) all of EFIH's right, title, and interest in, to, and under the Collateral (as defined in the Collateral Trust Agreement) as security for all Obligations (as defined in the Collateral Trust Agreement) of EFIH under the Indenture.  The Collateral includes, among other things, a pledge of the majority ownership interest of EFIH LLC in Oncor.

44.     The Obligations of EFIH that are secured by the Collateral include all obligations to pay the Applicable Premium under the Indenture.  *See* Collateral Trust Agreement § 1.1 (defining "Obligations" to include "premium, penalties, fees . . . and other liabilities . . . payable under the documentation governing any Indebtedness").

45.     The Obligations of EFIH under the Indenture are secured by a perfected, second priority security interest in the Collateral.

46.     As of the Petition Date, the value of the Collateral exceeds the amount of all Obligations under the Second Lien Notes and all notes that are *pari passu* with the Second Lien Notes, including the amount of the Applicable Premiums for all such notes.

## COUNT I

### (Declaratory Judgment that EFIH's Refinancing of the Second Lien Notes Constitutes a Redemption Requiring Payment of the Applicable Premium as an Allowed Secured Claim)

47.     Plaintiffs restate and realillege all paragraphs set forth above, which are incorporated by reference as if set forth in full herein.

48.     An actual, justiciable controversy exists between the Plaintiffs and the Defendants with regard to whether EFIH is obligated to pay the Applicable Premium upon any redemption of the Second Lien Notes prior to the First Call Dates.

49.    Pursuant to Section 3.07 of the Indenture, payment of the outstanding principal and accrued and unpaid interest due on the Second Lien Notes prior to the First Call Dates obligates EFIH to pay the Applicable Premium.

50.    EFIH granted a perfected, second priority security interest in the Collateral to secure all Obligations (as defined in the Collateral Trust Agreement) under the Second Lien Notes and the Indenture.   EFIH's Obligations include all obligations to pay the Applicable Premium.

51.    The value of the Collateral exceeds the amount of all Obligations under the Second Lien Notes and all notes that are *pari passu* with the Second Lien Notes, including the amount of the Applicable Premiums for all such notes.

52.    The Second Lien Indenture Trustee, as indenture trustee for the Second Lien Notes, has a secured claim for the Applicable Premium.

## COUNT II

**(Declaratory Judgment that as a Matter of Law and Policy, the EFIH Debtors' Obligations Under the Second Lien Notes were not Accelerated by the Debtors' Act of Filing a Bankruptcy Petition)**

53.    Plaintiffs restate and reallege all paragraphs set forth above, which are incorporated by reference as if set forth in full herein.

54.    An actual, justiciable controversy exists between the Plaintiffs and the Defendants with regard to whether the Debtors' act of filing a bankruptcy petition accelerated the EFIH Debtors' obligations under the Second Lien Notes.

55.    Under controlling law and policy, the EFIH Debtors' obligations under the Second Lien Notes were not accelerated by the Debtors' act of filing a bankruptcy petition.

## COUNT III

### (Declaratory Judgment that Even if the Second Lien Notes Were Accelerated by the Bankruptcy Event of Default, the Second Lien Indenture Trustee Is Entitled to the Applicable Premium)

56.    Plaintiffs restate and reallege all paragraphs set forth above, which are incorporated by reference as if set forth in full herein.

57.    An actual, justiciable controversy exists between the Plaintiffs and the Defendants with regard to whether the Applicable Premium is due upon acceleration by the bankruptcy Event of Default.

58.    In denying that the Second Lien Notes are entitled to the Applicable Premium, the EFIH Debtors are apparently relying on the notion that the bankruptcy filing constituted an event of default under Section 6.01(a)(6)(i) of the Indenture, thereby accelerating the EFIH Debtors' obligations under the Second Lien Notes.

59.    If the Court determines that the Debtors' bankruptcy accelerated the EFIH Debtors' obligations under the Second Lien Notes as the EFIH Debtors contend, those accelerated obligations expressly include the Applicable Premium.  As set forth above, Section 6.02 of the Indenture specifically provides that in the case of a bankruptcy Event of Default, "all principal of and premium, if any, interest (including Additional Interest, if any) and any other monetary obligations on the outstanding [Second Lien] Notes shall be due and payable immediately without further action or notice." The inclusion of the phrase "premium, if any" plainly demonstrates that the parties intended that the Applicable Premium would be due and payable upon repayment after a bankruptcy has been filed.

## COUNT IV

**(Declaratory Judgment that the Second Lien Indenture
Trustee Is Entitled to Additional Interest on the 2022 Second
Lien Notes as an Allowed Secured Claim)**

60.     Plaintiffs restate and reallege all paragraphs set forth above, which are incorporated by reference as if set forth in full herein.

61.     An actual, justiciable controversy exists between the Plaintiffs and the Defendants with regard to whether EFIH is obligated to pay Additional Interest on the 2022 Second Lien Notes.

62.     Pursuant to a registration rights agreement, EFIH agreed to register notes under the Securities and Exchange Act with substantially the same terms as the 2022 Second Lien Notes.  If the notes were not registered by a date certain, thereafter the notes pay "Additional Interest," first at a rate of 0.25% per annum for a period and thereafter at 0.50% per annum. EFIH did not register the notes and therefore Additional Interest for the 2022 Second Lien Notes is payable and accruing at an interest rate of 12.25%.

63.     By virtue of the foregoing, the Second Lien Indenture Trustee is entitled to a declaration that interest on the 2022 Second Lien Notes has been accruing, and continues to accrue, at a rate of 12.25%.

## COUNT V

**(Declaratory Judgment that Additional Interest Is Included in
Calculating the Applicable Premium)**

64.     Plaintiffs restate and reallege all paragraphs set forth above, which are incorporated by reference as if set forth in full herein.

65.     An actual, justiciable controversy exists between the Plaintiffs and the Defendants with regard to whether Additional Interest should be included in calculating the Applicable Premium.

66.     Calculation of the "Applicable Premium" under Section 1.01 of the Indenture includes "all required interest payments due" on the Second Lien Notes "(excluding accrued and unpaid interest, if any to the Redemption Date)."  Additional Interest is a required component of the interest payment due on the 2022 Second Lien Notes.  Therefore, Additional Interest must be included in calculating the Applicable Premium for the 2022 Second Lien Notes.

## COUNT VI

### (Declaratory Judgment that the Second Lien Indenture Trustee Is Entitled to Interest on the Applicable Premium from the Date of Repayment as an Allowed Secured Claim)

67.     Plaintiffs restate and reallege all paragraphs set forth above, which are incorporated by reference as if set forth in full herein.

68.     An actual, justiciable controversy exists between the Plaintiffs and the Defendants with regard to whether EFIH is obligated to pay interest on the Applicable Premium.

69.     Paragraph (1) of each of the Second Lien Notes specifically states that "[t]he Issuer will pay interest (including post-petition interest in any proceeding under any Bankruptcy Law) on overdue principal and premium, if any."  Exhibit A at A-3 and Exhibit B at A-2-3.  Section 10.04 of the Indenture also provides that "interest on the overdue principal of and premium, if any, . . . on the Notes . . . are secured as provided in the Pledge Agreement and the Collateral Trust Agreement."

70.     The Second Lien Indenture Trustee, as indenture trustee for the Second Lien Notes, has a secured claim for interest on the Applicable Premium from the date of the repayment of the Second Lien Notes.

## COUNT VII

### (Declaratory Judgment that the Second Lien Indenture Trustee Is Entitled to Interest on Interest as an Allowed Secured Claim)

71.     Plaintiffs restate and reallege all paragraphs set forth above, which are incorporated by reference as if set forth in full herein.

72.     An actual, justiciable controversy exists between the Plaintiffs and the Defendants with regard to whether EFIH is obligated to pay interest on interest.

73.     Section 4.01 of the Indenture provides for the payment of "interest (including post-petition interest in any proceeding under any Bankruptcy Law) on overdue installments of interest (including Additional Interest, if any)."

74.     The Second Lien Indenture Trustee, as indenture trustee for the Second Lien Notes, has a secured claim for interest on interest calculated at the contract rate in the Indenture. This includes interest on the overdue interest for the 2021 Second Lien Notes, interest on Additional Interest on the 2022 Second Lien Notes that is not paid in connection with the Second Lien Repayment, and interest on any overdue interest for the 2022 Second Lien Notes, to the extent applicable.

## COUNT VIII

**(Declaratory Judgment that the Second Lien Indenture
Trustee Is Entitled to Its Costs, Expenses, and Reasonable
Attorneys' Fees, Including the Second Lien Indenture
Trustee's Fees and the Second Lien Indenture Trustee's
Advisors' Fees Under Section 7.07 of the Indenture)**

75.    Plaintiffs restate and reallege all paragraphs set forth above, which are incorporated by reference as if set forth in full herein.

76.    An actual, justiciable controversy exists between the Plaintiffs and the Defendants with regard to whether the Second Lien Indenture Trustee is entitled to include the fees of the Second Lien Indenture Trustee and the fees of the Second Lien Indenture Trustee's Advisors and Attorneys incurred in litigating the validity of the Applicable Premium both at trial and on appeal as secured claims under section 506(b) of the Bankruptcy Code.

77.    Section 7.07 of the Indenture expressly provides for payment of these fees: "The Issuer and the Guarantors, jointly and severally, shall pay to the Trustee from time to time such compensation for its acceptance of this Indenture and services hereunder as the parties shall agree in writing from time to time. . . . Such expenses shall include the reasonable compensation, disbursements and expenses of the Trustee's agents and counsel."

78.    The Second Lien Indenture Trustee, as indenture trustee for the Second Lien Notes, has a secured claim for its costs, expenses, and reasonable attorneys' fees, including the Second Lien Indenture Trustee's fees and those of the Second Lien Indenture Trustee's Advisors incurred in this litigation (and throughout the bankruptcy case).  This secured claim is in addition to other amounts paid on account of the Second Lien Notes.

79.    Section 10.04 of the Indenture provides that the "interest on . . . the Notes and performance of all other Obligations of EFIH to the Holders of Notes or the Trustee . . . are

22

secured as provided in the Pledge Agreement and the Collateral Trust Agreement." (Emphasis added).   Accordingly, the Second Lien Indenture Trustee is entitled to a secured claim for interest on its claims for any reimbursement of fees and expenses which EFIH fails "promptly upon request" to reimburse pursuant to Section 7.07 of the Indenture, accruing from the date of failure to make such reimbursement at the contract rate (including Additional Interest as to the 2022 Second Lien Notes).

WHEREFORE, the Second Lien Indenture Trustee demands judgment be entered in its favor as follows:

A. A Declaration that (i) any payment by EFIH of the outstanding principal and accrued and unpaid interest due on the Second Lien Notes prior to the First Call Dates constitutes an optional redemption of the Second Lien Notes pursuant to Section 3.07(a) of the Indenture; and (ii) in the event of such a redemption, the Second Lien Indenture Trustee for the Second Lien Notes would have an allowed secured claim for the Applicable Premium;

B. A Declaration that (i) as a matter of law and policy, the EFIH Debtors' obligations under the Second Lien Notes were not accelerated by the Debtors' act of filing a bankruptcy petition; or (ii) even if the Second Lien Notes were accelerated by the Debtors' bankruptcy, the Second Lien Notes would be entitled to a secured claim for the Applicable Premium upon payment prior to the First Call Dates;

C. A Declaration that Additional Interest is included in calculating the Applicable Premium as to the 2022 Second Lien Notes;

D. A Declaration that the Second Lien Indenture Trustee is entitled to interest on the Applicable Premium from the Date of Repayment;

E. A Declaration that the Second Lien Indenture Trustee is entitled to Additional Interest on the 2022 Second Lien Notes as an allowed secured claim;

F. A Declaration that the Second Lien Indenture Trustee is entitled to interest on interest as an allowed secured claim;

G. A Declaration that the Second Lien Indenture Trustee is entitled to reimbursement for its costs, expenses, and fees, including those of its agents and attorneys, in addition to all other sums allowed by law, together with interest on such sums, as an allowed secured claim; and

H. Granting the Second Lien Indenture Trustee such other and further relief as the Court deems just and appropriate.

Dated: June 16, 2014          PACHULSKI STANG ZIEHL & JONES LLP

                              /s/ Laura Davis Jones
                              Laura Davis Jones (Bar No. 2436)
                              Robert J. Feinstein (admitted *pro hac vice*)
                              919 N. Market Street, 17th Floor
                              P.O. Box 8705
                              Wilmington, DE  19899-8705 (Courier 19801)
                              Telephone:  (302) 652-4100
                              Facsimile:   (302) 652-4400
                              Email: ljones@pszjlaw.com
                                     rfeinstein@pszjlaw.com

                              KRAMER LEVIN NAFTALIS & FRANKEL LLP
                              Thomas Moers Mayer (admitted *pro hac vice*)
                              Gregory A. Horowitz (admitted *pro hac vice*)
                              Joshua K. Brody (admitted *pro hac vice*)
                              Kramer Levin Naftalis & Frankel LLP
                              1177 Avenue of the Americas
                              New York, New York 10036
                              Telephone:  (212) 715-9100
                              Facsimile:   (212) 715-8000
                              Email: tmayer@kramerlevin.com
                                     ghorowitz@kramerlevin.com
                                     jbrody@kramerlevin.com

                              BRYAN CAVE LLP
                              Stephanie Wickouski, (admitted *pro hac vice*)
                              1290 Avenue of the Americas
                              New York, New York 10104-3300
                              Tel: 212-541-1114
                              Fax: 212-904-0514
                              Email: stephanie.wickouski@bryancave.com

                              *Counsel to the EFIH Second Lien Indenture Trustee*