**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | ) Chapter 11 |
|  | ) |
| ENERGY FUTURE HOLDINGS CORP., *et al.*,[1] | ) Case No. 14-10979 (CSS) |
|  | ) |
|  | ) (Jointly Administered) |
| *Debtors.* | ) |
|  | ) |
| COMPUTERSHARE TRUST COMPANY, N.A. and COMPUTERSHARE TRUST COMPANY OF CANADA, as INDENTURE TRUSTEE | ) |
|  | ) |
| *Plaintiffs,* | ) Adversary Proceeding |
|  | ) No. 14-50405 (CSS) |
| v. | ) |
|  | ) |
| ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC and EFIH FINANCE INC., | ) |
|  | ) **Re: Adv. D.I. 1** |
| *Defendants.* | ) |

**ENERGY FUTURE INTERMEDIATE HOLDING COMPANY LLC'S
AND EFIH FINANCE INC.'S ANSWER**

Defendants Energy Future Intermediate Holding Company LLC and EFIH Finance Inc. (together, "EFIH," "Debtors," or "Defendants") hereby respond to the allegations in Plaintiffs' Complaint for Declaratory Relief in accordance with the numbered paragraphs thereof, stating their defenses to each claim asserted against them. To the extent the unnumbered introductory paragraph and the unnumbered headings in the Complaint for Declaratory Relief contain

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, which are being jointly administered, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

allegations supporting Plaintiffs' claims, they are denied. Those headings are repeated below only to provide guidance and structure for the reader. Defendants admit that Exhibit A and Exhibit B to the Complaint for Declaratory Relief purport to constitute the Indenture dated as of April 25, 2011 and the First Supplemental Indenture dated as of February 6, 2012 (together with all supplements, amendments, and exhibits) (collectively, the "Indenture") by and between EFIH LLC, EFIH Finance, and Plaintiffs (as successors to The Bank of New York Mellon Trust Company, N.A.). All of the remaining allegations that are not specifically admitted in this Answer are denied.[2]

## NATURE OF ACTION

1.  Defendants admit that Plaintiffs purport to bring a declaratory judgment action by which Plaintiffs seek a declaration that EFIH is obligated to pay a so-called "makewhole" premium and other amounts allegedly due in connection with the potential repayment of the Second Lien Notes, but Defendants deny that Plaintiffs are entitled to any relief whatsoever. Defendants deny the remaining allegations of this paragraph.

2.  Defendants are without sufficient information or knowledge to admit or deny whether any provision of the Indenture "induced holders to purchase" the Second Lien Notes, as alleged in the first sentence of paragraph 2, and therefore deny the same. Defendants admit that the remaining allegations in paragraph 2 may be true in some circumstances, but lack knowledge and information sufficient to form a belief about the truth in all circumstances of these allegations, and therefore deny them.

3.  Defendants admit that EFIH proposes to repay the Second Lien Notes, which were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law, without the payment of a so-called

---

[2] Defined terms used in this Answer have the same meaning as in Plaintiffs' Complaint for Declaratory Relief.

redemption premium.  The motion for approval of the EFIH Second Lien DIP Financing, which would be used to fund the potential repayment of the Second Lien Notes, has been adjourned. Defendants further admit that, before filing for chapter 11 protection, EFIH negotiated and obtained commitments for the EFIH Second Lien DIP Financing.  Defendants deny the remaining allegations of this paragraph.

4.     Defendants admit that the Debtors have sought debtor-in-possession financing that will be used to repay all principal and accrued interest owing on the Second Lien Notes.  Footnote 2 does not require a response.  To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief about the allegations in footnote 2, and therefore deny them. The remaining allegations of paragraph 4 seek to characterize the terms of the Indenture, which is a writing that speaks for itself.  Defendants therefore deny those allegations.

5.     Defendants admit the allegations in the first sentence of paragraph 5.  Defendants deny the second sentence of paragraph 5.  The remaining allegations of paragraph 5 seek to characterize the terms of the Indenture, which is a writing that speaks for itself.  Defendants deny those allegations.

6.     The first sentence of paragraph 6 constitutes a series of legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations of the first sentence of paragraph 6, though Defendants admit that they contest the relief sought by Plaintiffs in this adversary proceeding.  The allegations of the second sentence of paragraph 6 seek to characterize the terms of the Second Lien Tender Offer, the Indenture, and other unspecified documents that purportedly are applicable—all of which are writings that speak for themselves.  Defendants therefore deny those allegations.

7. Defendants admit that Plaintiffs purport to seek a declaratory judgment affirming the seven enumerated propositions set forth in paragraph 7, but deny that Plaintiffs are entitled to any such relief whatsoever.

## JURISDICTION AND VENUE

8. Defendants admit the statutory references cited and refer to the cited provisions of law for a complete and accurate statement of their contents and requirements. The remaining allegations of paragraph 8 constitute legal conclusions, to which no response is required.

9. Defendants admit the statutory references cited and refer to the cited provisions of law for a complete and accurate statement of their contents and requirements. The remaining allegations of paragraph 9 constitute legal conclusions, to which no response is required.

10. The first sentence of paragraph 10 constitutes a legal conclusion, to which no response is required. The remaining allegations of paragraph 10 do not require a response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10, and therefore deny them.

11. Defendants admit the statutory reference cited and refer to the cited provisions of law for a complete and accurate statement of their contents and requirements. The remaining allegations of paragraph 11 constitute legal conclusions, to which no response is required.

## PARTIES

12. Defendants lack knowledge or information sufficient to form a belief about the allegations of the first and second sentences of this paragraph and therefore deny them. Defendants admit the allegations of the third sentence of this paragraph.

13. Defendants admit the allegations of the first and second sentences of this paragraph. Defendants further admit that EFIH LLC owns 100% of Oncor Electric Delivery Holdings Company LLC, which owns approximately 80% of Oncor Electric Delivery Company LLC. Defendants

further admit that Oncor Electric Delivery Company LLC, a non-debtor, is a regulated electricity transmission and distribution company that operates in Texas. Defendants deny the remaining allegations of this paragraph.

14.   Admitted.

## FACTUAL ALLEGATIONS

15.   Admitted.

16.   Defendants admit that, on May 15, 2014, EFIH filed a motion seeking approval of the EFIH Second Lien DIP Financing, which would be used to fund the potential repayment of the Second Lien Notes. Those notes were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law. Defendants admit that, on April 29, 2014, EFIH filed a motion for authority to enter into the EFIH First Lien DIP Financing, some of the proceeds of which the Debtors intended to use to fund the potential repayment of the Second Lien Notes. Defendants deny the remaining allegations in this paragraph.

17.   Denied.

**I.   THE INDENTURE**

18.   Defendants admit that pursuant to the Indenture, EFIH issued $406,392,000 principal amount of the 2021 Second Lien Notes and $1.750 billion principal amount of the 2022 Second Lien Notes for a total aggregate principal amount of $2,156,392,000. Defendants deny that the total aggregate principal amount on the Second Lien Notes is $2,156,000,000.

19.   The allegations in the first and second sentences of paragraph 19 seek to characterize the terms of the Indenture, which is a writing that speaks for itself. Defendants therefore deny these allegations. Defendants admit that the interest payment on the 2021 Second Lien Notes was not made on May 15, 2014.

## II. FACTS GIVING RISE TO SECOND LIEN RIGHTS

### A. The Applicable Premium Would Be Triggered By the Debtors' Proposed Refinancing

20. Denied.

21. The allegations in paragraph 21 seek to characterize the terms of the Indenture, which is a writing that speaks for itself. Defendants therefore deny the allegations of this paragraph.

22. The allegations in paragraph 22 seek to characterize the terms of the Indenture, which is a writing that speaks for itself. Defendants therefore deny the allegations of this paragraph.

23. Defendants admit the allegations of the first sentence of paragraph 23. Defendants deny the allegations of paragraph 23 to the extent they seek to characterize the terms of the Keglevic Declaration, the Second Lien Tender Offer, and the Form 8-K filed on May 27, 2014, respectively— all of which are writings that speak for themselves. Defendants admit that, on May 9, 2014, the EFIH Debtors commenced an exchange offer for the Second Lien Notes as set forth in an Offer Memorandum available at Docket No. 400-1. Defendants admit that the EFIH Debtors filed the Second Lien DIP Motion on May 15, 2014. Defendants deny the remaining allegations of paragraph 23.

### B. The Bankruptcy Filing Does Not Alter EFIH's Obligation to Perform Under the Indenture or Pay the Applicable Premium

24. The allegations in paragraph 24 seek to characterize the terms of the Indenture, which is a writing that speaks for itself. Defendants therefore deny the allegations of this paragraph.

25. The allegations in paragraph 25 seek to characterize the terms of the Indenture, which is a writing that speaks for itself. Defendants therefore deny the allegations of this paragraph.

26. Defendants admit that the Second Lien Notes were accelerated by the bankruptcy filing, under the express terms of the Indenture and by operation of law. The second sentence of paragraph 26 seeks to characterize statements made in Defendants' Second Lien DIP Motion, which

6

is a writing that speaks for itself. Defendants therefore deny the allegations of that sentence. Defendants deny the remaining allegations of this paragraph.

27. To the extent the first sentence of paragraph 27 states legal conclusions, no response is required. Defendants lack information and knowledge sufficient to form a belief as to whether the Second Lien Indenture Trustee and holders have taken no action to compel such payment or foreclose on collateral, and therefore deny the same. Defendants deny the second sentence of paragraph 27. The third sentence of paragraph 27 seeks to characterize unspecified bankruptcy pleadings, all of which are writings that speak for themselves. Defendants therefore deny the allegations of that sentence.

28. The allegations of paragraph 28 seek to characterize the terms of the Indenture, which is a writing that speaks for itself. Defendants therefore deny the allegations of this paragraph.

29. Denied.

30. Defendants admit that EFIH was, among other parties, involved in the drafting of the Indenture. The remaining allegations in paragraph 30 seek to characterize the terms of the Indenture, which is a writing that speaks for itself. Defendants therefore deny the allegations of this paragraph to the extent the allegations seek to characterize the terms of the Indenture.

**C.    Calculating the Applicable Premium**

31. The allegations of paragraph 31 seek to characterize the terms of the Indenture, which is a writing that speaks for itself. Defendants therefore deny the allegations of this paragraph.

32. The first sentence of paragraph 32 and footnote 3 seek to characterize the terms of the Indenture, which is a writing that speaks for itself. Defendants therefore deny these allegations. Defendants deny the second sentence of paragraph 32.

**D.    The Second Lien Indenture Trustee is Entitled to Prompt Reimbursement of All Fees and Expenses**

33. The allegations of paragraph 33 seek to characterize the terms of the Indenture and the Pledge Agreement, which are writings that speak for themselves. Defendants therefore deny the allegations of this paragraph.

34. Defendants admit that the Second Lien Indenture Trustee has retained professional advisors in connection with the Debtors' bankruptcy, including Bryan Cave LLP, Kramer Levin Naftalis & Frankel LLP, Pachulski Stand Ziehl & Jones LLP, and Rothschild, Inc. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of the first sentence of paragraph 34, and therefore deny those allegations. Defendants deny the second sentence of paragraph 34.

### E. Interest Accruing on the 2022 Second Lien Notes Includes Additional Interest

35. The allegations of paragraph 35 seek to characterize the terms of the Indenture and the Keglevic Declaration, which are writings that speak for themselves. Defendants therefore deny the allegations of this paragraph.

36. Denied.

### F. The Second Lien Holders Are Entitled to Interest on Interest, Interest on the Applicable Premium, and Interest on All Other Accrued Obligations

37. The allegations in the first sentence of paragraph 37 seek to characterize the terms of the Indenture, which is a writing that speaks for itself. Defendants therefore deny those allegations. Defendants deny the second sentence of paragraph 37.

38. The allegations in the first sentence of paragraph 38 seek to characterize the terms of the Indenture and the Second Lien Notes, which are writings that speak for themselves. Defendants therefore deny those allegations. Defendants deny the second sentence of paragraph 38.

39.     The allegations in the first sentence of paragraph 39 seek to characterize the terms of the Indenture, which is a writing that speaks for itself.  Defendants therefore deny those allegations.  Defendants deny the second sentence of paragraph 39.

### III.    FACTS GIVING RISE TO JUSTICIABLE CONTROVERSIES

40.     Defendants admit the first sentence of paragraph 40.  Defendants deny the final sentence of paragraph 40.  The remaining allegations of paragraph 40 seek to characterize the terms of the Second Lien Tender Offer, which is a writing that speaks for itself.  Defendants therefore deny those allegations.

41.     Defendants admit that the EFIH Debtors have asserted that their repayment of the Second Lien Notes, which were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law, does not entitle the Second Lien holders to the Applicable Premium.  Defendants deny the final sentence of paragraph 41.  The remaining allegations of paragraph 41 seek to characterize the terms of the Offer Memorandum, which is a writing that speaks for itself.  Defendants therefore deny those allegations.

42.     Defendants admit that the EFIH Debtors have no obligation to reimburse the Second Lien Trustee for fees and expenses incurred during the EFIH Debtors' bankruptcy.  Defendants deny the final sentence of paragraph 42.  The remaining allegations of paragraph 42 seek to characterize the terms of the Offer Memorandum, which is a writing that speaks for itself.  Defendants therefore deny those allegations.

### IV.    THE APPLICABLE PREMIUM IS A SECURED OBLIGATION OF EFIH

43.     Defendants admit that the Collateral includes, among other things, a pledge of the 100% ownership interest of EFIH LLC in Oncor Electric Delivery Holdings Company LLC.  The remaining allegations of paragraph 43 seek to characterize the terms of the Collateral Trust

Agreement and the Pledge Agreement, both of which are writings that speak for themselves. Defendants therefore deny those allegations.

44. The allegations of paragraph 44 seek to characterize the terms of the Collateral Trust Agreement, which is a writing that speaks for itself. Defendants therefore deny the allegations of this paragraph.

45. The allegations of paragraph 45 constitute legal conclusions, to which no response is required.

46. Admitted, though Defendants deny any implication that the Applicable Premium might be owed in connection with the Debtors' proposed repayment of the Second Lien Notes, which were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law.

## COUNT I

### (Declaratory Judgment that EFIH's Refinancing of the Second Lien Notes Constitutes a Redemption Requiring Payment of the Applicable Premium as an Allowed Secured Claim)

47. The responses to all paragraphs set forth above are incorporated by reference as if fully set forth herein.

48. The allegations of paragraph 48 constitute legal conclusions, to which no response is required.

49. Denied.

50. The allegations of the first sentence of paragraph 50 constitute legal conclusions, to which no response is required. Defendants deny the allegations of the second sentence of this paragraph.

51. Admitted, though Defendants deny any implication that the Applicable Premium might be owed in connection with the Debtors' proposed repayment of the Second Lien Notes,

10

which were automatically accelerated upon EFIH's bankruptcy filing as required by the express terms of the Indenture's acceleration provision and by operation of law.

52. Denied.

## COUNT II

**(Declaratory Judgment that as a Matter of Law and Policy, the EFIH Debtors' Obligations under the Second Lien Notes were not Accelerated by the Debtors' Act of Filing a Bankruptcy Petition)**

53. The responses to all paragraphs set forth above are incorporated by reference as if fully set forth herein.

54. The allegations of paragraph 54 constitute legal conclusions, to which no response is required.

55. Denied.

## COUNT III

**(Declaratory Judgment that Even if the Second Lien Notes Were Accelerated by the Bankruptcy Event of Default, the Second Lien Indenture Trustee Is Entitled to the Applicable Premium)**

56. The responses to all paragraphs set forth above are incorporated by reference as if fully set forth herein.

57. The allegations of paragraph 57 constitute legal conclusions, to which no response is required.

58. Defendants admit that EFIH's bankruptcy filing constituted an Event of Default under Section 6.01(a)(6)(i) of the Indenture, thereby accelerating the EFIH Debtors' obligations under the Second Lien Notes.

11

59. The allegations of the second sentence of paragraph 59 seeks to characterize the terms of the Indenture, which is a writing that speaks for itself. Defendants therefore deny those allegations. Defendants deny the remaining allegations of paragraph 59.

## COUNT IV

**(Declaratory Judgment that the Second Lien Indenture Trustee is Entitled to Additional Interest on the 2022 Second Lien Notes as an Allowed Secured Claim)**

60. The responses to all paragraphs set forth above are incorporated by reference as if fully set forth herein.

61. The allegations of paragraph 61 constitute legal conclusions, to which no response is required.

62. The allegations of the first and second sentences of paragraph 62 seek to characterize the terms of a registration rights agreement and the 2022 Second Lien Notes, which are writings that speak for themselves. Defendants therefore deny those allegations. EFIH admits it did not register the 2022 Second Lien Notes under the Securities and Exchange Act. Defendants deny the remaining allegations of paragraph 62.

63. Denied.

## COUNT V

**(Declaratory Judgment that Additional Interest Is Included in Calculating the Applicable Premium)**

64. The responses to all paragraphs set forth above are incorporated by reference as if fully set forth herein.

65. The allegations of paragraph 65 constitute legal conclusions, to which no response is required.

66. The allegations in the first and second sentences of paragraph 66 seek to characterize the terms of the Indenture, which is a writing that speaks for itself. Defendants therefore deny those allegations. Defendants deny the remaining allegations of paragraph 66.

## COUNT VI

**(Declaratory Judgment that the Second Lien Indenture Trustee is Entitled to Interest on the Applicable Premium from the Date of Repayment as an Allowed Secured Claim)**

67. The responses to all paragraphs set forth above are incorporated by reference as if fully set forth herein.

68. The allegations of paragraph 68 constitute legal conclusions, to which no response is required.

69. The allegations of paragraph 69 seek to characterize the terms of the Second Lien Notes and the Indenture, which are writings that speak for themselves. Defendants therefore deny the allegations of paragraph 69.

70. Denied.

## COUNT VII

**(Declaratory Judgment that the Second Lien Indenture Trustee Is Entitled to Interest on Interest as an Allowed Secured Claim)**

71. The responses to all paragraphs set forth above are incorporated by reference as if fully set forth herein.

72. The allegations of paragraph 72 constitute legal conclusions, to which no response is required.

73. The allegations of paragraph 73 seek to characterize the terms of the Indenture, which is a writing that speaks for itself. Defendants therefore deny the allegations of paragraph 73.

74. Denied.

## COUNT VIII

**(Declaratory Judgment that the Second Lien Indenture
Trustee Is Entitled to Its Costs, Expenses, and Reasonable
Attorneys' Fees, Including the Second Lien Indenture
Trustee's Fees and the Second Lien Indenture Trustee's
Advisors' Fees Under Section 7.07 of the Indenture)**

75.     The responses to all paragraphs set forth above are incorporated by reference as if fully set forth herein.

76.     The allegations of paragraph 76 constitute legal conclusions, to which no response is required.

77.     The allegations of paragraph 77 seek to characterize the terms of the Indenture, which is a writing that speaks for itself.  Defendants therefore deny the allegations of paragraph 77.

78.     Denied.

79.     The allegations in the first sentence of paragraph 79 seek to characterize the terms of the Indenture, which is a writing that speaks for itself.  Defendants therefore deny those allegations.  Defendants deny the remaining allegations of paragraph 79.


Wherefore, Defendants deny that Plaintiffs are entitled to the relief requested in its Complaint for Declaratory Relief.


[*Remainder of page intentionally left blank.*]

Wilmington, Delaware
Dated:  July 16, 2014

/s/  *Tyler D. Semmelman*
**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Jason M. Madron (No. 4431)
Tyler D. Semmelman (No. 5386)
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
defranceschi@rlf.com
madron@rlf.com
semmelman@rlf.com

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (admitted *pro hac vice*)
Edward O. Sassower, P.C. (admitted *pro hac vice*)
Stephen E. Hessler (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: richard.cieri@kirkland.com
edward.sassower@kirkland.com
stephen.hessler@kirkland.com
brian.schartz@kirkland.com

-and-

James H.M. Sprayregen, P.C. (admitted *pro hac vice*)
Chad J. Husnick (admitted *pro hac vice*)
Steven N. Serajeddini  (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: james.sprayregen@kirkland.com
chad.husnick@kirkland.com
steven.serajeddini@kirkland.com

Proposed Co-Counsel to the Debtors and Debtors in Possession